Union National Bank of Laredo v. Commissioner.
Union Natl. Bank of Laredo v. Commissioner
Docket No. 111551.
United States Tax Court
1943 Tax Ct. Memo LEXIS 73; 2 T.C.M. (CCH) 922; T.C.M. (RIA) 43465; October 21, 1943
*73 Wesley E. Seale, Esq., and M. G. Eckhardt, Esq., for the petitioner. Stanley B. Anderson, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined deficiencies in income tax of $1,500.11 and $434.50 for the calendar years 1939 and 1940, respectively, and a deficiency in excess-profits tax of $111.67 for the calendar year 1939. The two issues are upon respondent's action in including in income certain amounts recovered by petitioner on bad debts charged off by a predecessor and certain amounts collected on loans made by and acquired from that predecessor. Findings of Fact Petitioner is a national bank carrying on business at Laredo, Texas. Its returns for the calendar taxable years were filed with the collector of internal revenue for the first district of Texas. The First State Bank and Trust Company of Laredo, Texas, was closed on February 25, 1928 and its properties taken over by the State Banking Commissioner. At that time the loans and discounts on its books amounted to $975,185.88. This bank continued in liquidation under the State Banking Commissioner until April 7, 1928. During that time notes were collected in the *74 amount of $248,051.48, leaving an uncollected balance of notes in the amount of $727,134.40. On April 7, 1928, the Union State Bank and Trust Company, a newly organized bank, acquired all of the assets and assumed all of the liabilities of the closed bank. The aforesaid $727,134.40 of uncollected notes of the liquidated bank were acquired by the new bank for assumption of liabilities in the amount of $604,894.40, at which figure these assets were set up on the books at the time of the opening of the ledger of the new bank. On July 16, 1928, certain of the loans and discounts included in the aforesaid total of $727,134.40 were segregated and set aside as inadmissible assets. These were in the amount of $122,240. This left remaining $604,894.40 of loans and discounts set up on the books as carried at a total cost in the same amount and representing the cost to the bank of all the loans and discounts acquired from the liquidated bank. During the years 1930 to 1934, the Union State Bank and Trust Company charged off as worthless debts certain of its loans not included in the aforesaid total of $122,240 of inadmissible assets. In each of the years in which these charge-offs were made the *75 bank sustained net losses. On March 3, 1937, the petitioner, a national bank, was organized to take over, and did take over, the assets and liabilities of the Union State Bank and Trust Company. The consideration for the acquisition of the assets of the predecessor state bank was the assumption of its outstanding liabilities. No change was made in its books and petitioner continued with the same assets and liabilities, the same officers and stockholders, and carried on the books of its predecessor unchanged. Stock in petitioner was issued to the stockholders of the predecessor bank in the same amounts and par values as the stock formerly held by them. During 1939 petitioner collected $5,285.03 and in the year 1940, $2,458.55, of the old loans taken over by its predecessor from the liquidated First State Bank and Trust Company and included in the aforesaid $122,240 of inadmissible assets. During 1939 the petitioner collected $1,149.04 and $1,050, which had been charged off by its predecessor in the years 1930 and 1934, respectively, as heretofore detailed. During the year 1940, the petitioner collected the amounts of $248 and $740.33, which had been similarly charged off by its predecessor *76 in the years 1930 and 1933, respectively. In the years 1930, 1933 and 1934, petitioner's predecessor, the Union State Bank and Trust Company had net losses in excess of the amounts collected by petitioner, as above set out, which were recoveries on loans charged off as worthless debts in those years. In determining the deficiencies respondent has included in income the full amount of the collections made on these old accounts as hereinbefore detailed. Opinion With respect to the first issue petitioner contends that there was acquired by its predecessor from the liquidated First State Bank and Trust Company of Laredo, a total of $727,134.40 in loans and discounts for a consideration of $604,894.40. Consequently, it is argued that the notes evidencing these assets must be considered as having been purchased by that predecessor at a price of 83.18 per cent of their face value and therefore that, to this extent, their collection represents a return of capital and not taxable. It is true that these loans and discounts were acquired, as a whole, at a figure representing 83.18 per cent of their face value. But no allocation of the purchase price, or any part thereof, was made at that *77 time to any particular item or group of items. Had all of these loans been carried on petitioner's books at a figure representing their total cost petitioner would have been required to return as income 16.82 per cent of all collections made thereon. But this petitioner has not done. Certain of the notes in a total face value equal to the aggregate cost of all were segregated and set up on its liability ledger by petitioner's predecessor. The result of this treatment is that all of the cost has been assigned to this particular group of notes by petitioner, which were thereupon carried in petitioner's asset balance at a cost equal to their face value. No part of the collections thereon were reported as taxable income, but the full face value was treated as a return of capital. The balance of the notes was eliminated by petitioner's predecessor from its liability ledger and they were thereafter carried on its books as having no capital cost. Petitioner now asks to be allowed to treat as a return of capital 83.18 per cent of all collections on notes in this group so eliminated from its liability ledger. The result to which this would lead is quite evident and, if permitted, petitioner *78 would, in its collection on the first group of notes held at a capital cost equal to the total cost of all notes acquired, recover its total investment untaxed as a return of capital and, in addition, be permitted to recover, as free of tax, an additional amount representing 83.18 per cent of the segregated group of notes in the amount of $122,240. This petitioner may not do. Its entire cost of all the notes and discounts, or the sum of $604,894.40, having been allocated to certain notes of a face value in this amount, and its taxable gain on collections of this group of notes having been computed on this basis, there is no remaining cost allocable to the segregated group of notes in the total amount of $122,240 and collections made by petitioner on these notes constitute gain. Accordingly, that gain must be included in taxable income. Respondent's action with respect to these collections is approved. On the second issue petitioner contends that its predecessor, the Union State Bank and Trust Company, charged off as bad debts certain loans, on some of which recoveries were made by it in 1939 and 1940 and that these amounts so recovered are not taxable income to it since its predecessor *79 had net losses in the years of charge-off exceeding the amounts of the later recoveries by petitioner. It is urged that petitioner is a reorganization of the predecessor corporation, whose assets were then acquired and liabilities assumed, and that petitioner stands in the same place and stead of its predecessor, holding its assets at the same cost basis and entitled to take any credit with respect to a recovery on a charged-off loan to which such predecessor would be entitled. Petitioner is a new and separate corporation from its predecessor and acquired the latter's assets for a consideration represented by the assumption of its liabilities. The debts previously charged off by the predecessor bank were, at the time of acquisition by the petitioner, carried by that bank at a cost of zero in consequence of the charge-off. Petitioner takes them for purposes of gain or loss at that cost. The situation appears to be identical upon its facts with ; affd., . Recoveries similar in character to those here involved were held to be taxable in full. Petitioner relies *80 upon , and similar cases, holding that the successor corporation is entitled to a deduction for bond discounts that would have been permitted its predecessor. These cases have no application since they are based upon a condition which is absent here. On authority of , we sustain respondent upon this issue. Decision will be entered for the respondent.